*Tolland,*
July, 1841.

Hammond
*v.*
Gilmore's admr.

</div>

<div align="right">

| 14 | 487 |
|----|-----|
| 60 | 108 |

</div>

———◆———

## WHITING *against* THE STATE :

### IN ERROR.

<div style="margin-left:2em">

It is a well settled general rule, that in an information for an offence created by statute, it is sufficient to describe the offence in the words of the statute ; and if, in any case, the defendant insists upon a greater particularity, it is for him to shew, that from the obvious intention of the legislature, oɪ the known principles of law, the case falls within some exception to such general rule.

Therefore, where an information on the statute prohibiting the sale of spiritous liquors without liberty granted by the town, alleged, in the language of the statute, that the defendant, at a certain time and place, did sell spiritous liquors to one *E. R.,* without such liberty, not specifying the kind, quantity, or value of the liquors so sold, nor stating the terms of the contract, nor aver-

</div>

*Hartford,*
*June, 1812.*

Whiting
*v.*
The State.

ring the delivery of the liquors; it was held, that as the statute specifies nei-
ther the kind, quantity, or value of the liquors which must be sold to consti-
tute the offence, and as these circumstances affected neither the jurisdiction
of the court, nor the nature or degree of the punishment, the information was
sufficiently precise.

THIS was an information against *Adna Whiting* for sell-
ing spiritous liquors contrary to the provisions of the statute
of 1839, brought, originally, to the county court. The inform-
ation stated, That said *Adna Whiting* heretofore, to wit, on
or about the 15th day of *September*, 1840, did, at said *Farm-
ington*, sell spiritous liquors to one *Edward R. Russell*, with-
out liberty granted by said town of *Farmington*, against the
peace, and contrary to the statute in such case provided.

After a trial and conviction of the defendant, he moved in
arrest of judgment for the insufficiency of the information.
This motion being overruled, and judgment rendered on the
verdict, he brought a writ of error in the superior court, which
was reserved for the advice of all the judges.

*Toucey* and *Chapman*, for the plaintiff in error, contended,
That the declaration was insufficient, because it did not state
the facts essential to constitute the offence complained of.
This the law requires to be done, that the party may be pro-
tected from a subsequent prosecution for the same offence;
for without such statement, the identity of the offence will
not appear. It is not sufficient to substitute the legal result
of the facts for the facts themselves. 4 *Com. Dig.* 661. n.
(*t*) by *Hammond.* 1 *Chitt. Cr. L.* 227, 8. (*Amer.* ed. 1836.)
*Knowles* v. *The State*, 3 *Day*, 103.

In civil suits, the ground of the action must be set forth with
particularity and certainty. A declaration for taking and car-
rying away goods, without specifying and describing them, is
bad after verdict. *Plater's* case, 5 *Co.* 35. *Bertie* v. *Pick-
ering* & ux., 4 *Burr.* 2455. 1 *Sw. Dig.* 656. 603. *Phelps*
v. *Sill*, 1 *Day*, 315.

In indictments and informations for criminal offences, the
same degree of certainty is requisite, and has often been re-
quired. *Bac. Abr. tit.* Indictment. G. 3. *Rex* v. *Gilbert*, 1
*East*, 583. *Rex* v. *Gibbs*, 1 *Stra.* 497. In general, as great
a degree of certainty, at least, is required in an indictment for
theft, as in trespass for goods; for what will be defective in the

latter, will be still more material in the former. 1 *Chitt. Cr.*
*L.* 336. 2 *Sw. Dig.* 379, 380. 373, 4.

From these principles it will result, that the information in
question is fatally defective, in two respects. In the first
place, neither the kind, nor the quantity, nor the value or price
of the liquor sold, is set forth. Secondly, neither the terms
of the sale, nor the delivery of the article sold, are stated.
A delivery of spiritous liquor, without a contract of sale, does
not constitute the offence prohibited by the statute. Neither
would a contract of sale, without a delivery, amount to a
consummation of such offence. It consists of three essential
ingredients; 1st, the subject matter specified in the statute—
spiritous liquors; 2dly, a contract of sale without liberty
granted by the town; and 3dly, a delivery of the article with-
in the town.

*T. C. Perkins,* for the defendants in error, after remarking,
that the strictness anciently required in indictments had, in
modern times, either been relaxed or regretted; that different
degrees of minuteness were required in stating different of-
fences, and the same offences, under different circumstances;
and that this court would not now go beyond the precedents
in exacting minuteness of statement, (2 *Mason,* 144, 5.) insist-
ed, that the offence charged was sufficiently described in this
information. The nature of the offence, the time and place,
and the person to whom the sale was made, are specified.
This is a statute offence, and the information is as particular
as the statute which creates that offence. In proceeding
against it, it is not necessary to state the kind, quantity and
price, of the liquor sold; no specific kind, quantity or price,
being essential to constitute the offence. Whether the liquor
sold were rum or brandy; whether it were a pint or gallon;
whether it were of the value of ten cents or a dollar—the
offence was legally the same; the penalty was the same; the
jurisdiction, the same. Nor was it necessary that there
should have been an actual delivery in the town of *Farming-*
*ton.* He cited 2 *Sw. Dig.* 373. 385. 1 *Chitt. Cr. L.* 169. 235.
*The King* v. *Johnson,* 3 *Mau. & Selw.* 539. 548. *The United*
*States* v. *Smith,* 2 *Mason,* 143. *The United States* v. *Wilson*
& al. 1 *Bald.* 78. 115. 116. 119. *Crown Cir. Comp.* 366, 7.
405. 461, 2. 466. 471. 558. 595. *The Commonwealth* v.

Hartford,
June, 1842.

Whiting
v.
The State.

*Clapp,* 5 *Pick.* 41.   *The Commonwealth* v. *Hooper,* 5 *Pick.* 42.   *The People* v. *Adams,* 17 *Wend.* 475.   *The Commonwealth* v. *Churchill,* 2 *Metcalf,* 118.   *The Commonwealth* v. *Odlin,* 23 *Pick.* 275. 279.   *The Commonwealth* v. *Thurlow,* 24 *Pick.* 374.   4 *Went. Plead.* 504. 525.   1 *Burn's Just.* 43, 4.

STORRS, J.   The questions in this case arise upon exceptions taken to the sufficiency of the information, which is founded on the act of 1839, prescribing that no person or persons shall " sell, directly or indirectly, any wines or spiritous liquors, in any town in this state, without liberty granted by the town," as is provided in said act, under the penalty therein mentioned.

The defendant claims, that the information is defective, first, because the facts alleged in it as constituting the charge, are stated too generally, and not with that certainty or particularity which the law requires ; for that neither the kind nor quantity of liquor sold by the defendant, is set forth.

If this were an information for an offence at common law, it would admit of a serious doubt whether the charge is set forth with that certainty which is required in such cases.   It would certainly be difficult to uphold it, by the precedents. But it is clear, from an inspection of those precedents, that indictments and informations for offences at common law are framed with more particularity, and that the facts are stated in them with more minuteness, than in those for mere statutory offences ; and especially, for statute offences which amount only to misdemeanors, where less strictness is tolerated than for felonies.   These precedents furnish illustrations of the rule as to the certainty which is requisite, and are to be considered as guides in similar and analogous cases.   For, although the reasons upon which the strictness and nicety with which indictments at common law are framed, (and it must be admitted, that an extreme of refinement has sometimes prevailed,) are not always very obvious, or may have ceased to exist ; and it may be, as indeed it has been, matter of regret that so great particularity has been required ; yet, as they have been so long and authoritatively established, it would not probably be considered safe or proper for courts now to relax from this strictness.   There has, however, been manifested by the courts, more recently, a strong disposition, not only not to

extend, but to dispense with, a minuteness, for which no sensible reason can be given, and which appears to be unnecessary to a fair administration of justice.

The present is an information for an offence created by statute. In regard to such offences, it is a well settled general rule, that it is sufficient to describe them in the words of the statute. *The United States* v. *Gooding*, 12 *Wheat. Rep.* 460. *The United States* v. *Mills*, 7 *Peters' Rep.* 138. 142. To this rule there are, indeed, some exceptions, and, in some instances, greater particularity is required, from the obvious intention of the legislature, or the known principles of law. It is for the defendant to shew, that the present case falls within those exceptions. In this we think that he has not succeeded. He has relied on those cases at common law where the ancient strictness, as applicable to those cases, is required, and claims that this does not fall within any of those classes of cases which form an exception to that strictness; whereas, this being an information for a statutory offence, where the general rule is, that it may be described in the words of the statute, it is for him to shew, that it falls within those cases, or the principle of them, where greater particularity is required. In this case, the language of the statute on which the information is founded, is pursued. The charge, therefore, is as particular as the statute ; and we can see no good reason why a greater particularity should be required. The act neither specifies the kind, nor the quantity, of spiritous liquors, which must be sold to constitute the offence. There seems to be no more reason why the kind of spirit should be mentioned, than if it was an information, on the same statute, for selling wine, the particular kind should be set forth—a minuteness of description which would hardly be contended for. The sale of any quantity, or of any kind, constitutes the offence; and this is cognizable by one court only. If the jurisdiction of the court, or the nature or degree of the punishment, depended on either the kind or quantity, the case might be different. In several of the cases cited by the defendant, in which it was held to be necessary to specify quantity, the reason given was, that the court might be enabled to fix the punishment. *Rex* v. *Sparling*, 1 *Stra.* 497. On an indictment, however, for taking carps out of one's pond, where the offender was to be fined at the discretion of the court, it was held, that the num-

ber taken need not be stated.   *Vin. Abr. tit.* Indictment. M.
21.   *Rex* v. *Wetwang,* 1 *Lev.* 203.

The conclusion to which we have arrived on this point,
accords with the decisions in other states, on similar statutes,
in one of which this precise objection was overruled.   *The
Commonwealth* v. *Odlin,* 23 *Pick.* 275. 279.   *The Common-
wealth* v. *Thurlow,* 24 *Pick.* 374.   *The Commonwealth* v.
*Clapp,* 5 *Pick.* 41.   *The Commonwealth* v. *Hooper,* 5 *Pick.*
42.   *The People* v. *Adams,* 17 *Wend.* 475.

It is also claimed, that this information is defective, in not
stating the *value* of the liquor sold.   This objection is unsup-
ported by reason or authority.   It is uniformly and explicitly
laid down, that an averment of the value is unnecessary, ex-
cepting where it determines the jurisdiction or the punish-
ment: as, for example, in larceny at common law, where the
value of the goods stolen constitutes it either grand or petit
larceny, a felony or a misdemeanor ; or, under our statutes,
where it affects the jurisdiction of the court, as well as the
punishment.

. The remaining objection to the information, is, that it merely
states a sale by the defendant, without specifying its particu-
lar terms, or the delivery of the thing sold.   It is claimed,
that it does not appear, that there has been a violation of the
statute ; for that it is not every sale or contract of sale, which
constitutes an offence ; and it should, therefore, appear to be
such a sale as the statute contemplates.   Instances have been
put where a contract may be made in one town for the sale
of liquor which is in another ; and it is said, that in the pre-
sent case, the liquor sold may have been in another town, or
may have been agreed to be delivered in another town, than
that in which the offence is alleged to have been committed ;
and therefore, that the statute may not have been violated.
Without deciding whether, in the cases supposed, the law is
violated, we think, that the information, in this respect, since
it follows the terms of the statute, is sufficiently precise.   It
would be insisting on an unreasonable particularity to require
that the whole of the terms of the contract, and the location
of the subject matter of it, should be minutely set forth.   No
such particularity is observed in any of the precedents in sim-
ilar cases ; it would be extremely inconvenient in practice ;
it would require the pleader to state what it would be very

difficult, if not impossible, for him to ascertain ; it would tend to no useful purpose ; and it is a matter which may, more properly, and with entire safety to the accused, be left to be determined from the evidence, whether the facts are such as to bring the sale within the true meaning of the prohibition contained in the statute. 12 *Wheat. Rep.* 460.

The superior court should, therefore, be advised, that there is no error in the judgment complained of.

In this opinion the other Judges concurred.

<p align="center">Judgment affirmed.</p>