ROSWELL SCOVILL *vs.* ERASTUS BALDWIN.

On the trial of an action in which the division line between adjoining landowners was in dispute, the plaintiff proved acts and admissions of the defendant and those under whom he held, which recognized the line which the plaintiff claimed, and the defendant gave in evidence sundry deeds and surveys to prove the location of the line as claimed by him. The defendant requested the court to charge the jury that if they were satisfied from the deeds and surveys taken by themselves, that the line was located as the defendant claimed, then they were to disregard the acts and admissions proved by the plaintiff. Held that he was not entitled to such charge, it being the duty of the court to submit the question to the jury upon the whole evidence taken together.

The omission of a party to call a witness who might equally have been called

by the other party, is no ground for a presumption that the testimony of the witness would have been unfavorable. The jury have no right to presume any thing as to his knowledge of any facts important to the case.

DISSEIZIN. Motion for a new trial by the defendant. The facts of the case are sufficiently stated in the opinion of the court.

*Ransom,* (with whom was *Hubbard,*) in support of the motion.

*E. W. Seymour,* contra.

HINMAN, J. This was an action of ejectment. The parties were adjoining proprietors, and the question was as to the location of the dividing line between them. The plaintiff's evidence to prove the location as he claimed it, consisted in great part in showing that such had been for many years the practical line of the proprietors of the two lots, and had been recognized as the true line by the defendant's father, who formerly owned the defendant's lot; that the plaintiff had always occupied up to that line until the ouster complained of, and that the defendant had on many occasions, and always until quite recently, admitted that to be the true line. The defendant claimed that, at the time of such practical occupancy and of making such admissions, he was mistaken, and offered sundry deeds and surveys between the adjoining proprietors on the line, and in relation to other lines, tending to show the line to be as he claimed it, and thereupon he requested the court to charge the jury, that if they were satisfied from the deeds and surveys offered by the parties, that the title to the demanded premises was not in the plaintiff, that then the admissions of the defendant should have no effect upon their minds, but should be wholly disregarded by them, and their verdict should be for the defendant.

In effect, this was a request that the jury should be charged to take into consideration but a part of the evidence, viz. that arising from the deeds and surveys, and if that satisfied

them where the true line was, that they should entirely disregard all the other evidence in the case. But the proposition to exclude from consideration any part of the evidence tending to show where the true line was, when the object was to find that line, is so palpably unjust as not to require any thing more than the statement of it to show it to be so. Of course the plaintiff was entitled to all the evidence that had any bearing in his favor on the point, and the weight to which it was entitled was for the jury to consider, not the court.

The court ruled correctly also, that the defendant had no right to draw any inference against the plaintiff, because he had not produced one Butler as a witness in his favor. The circumstance that a particular person, who is equally within the control of both parties, is not called as a witness, is too often made the subject of comment before the jury. Such a fact lays no ground for any presumption against either party. If the witness could aid either party, such party would probably produce him. As he is not produced, the jury have no right to presume any thing in respect to his knowledge of any facts in the case, because they are to try the case upon the facts shown in evidence, and upon them alone, without attempting to guess at what might be shown if particular persons were produced by the parties.

We are satisfied that there was no error in the rulings of the superior court, and we do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.