## COMMONWEALTH *vs.* JAMES KELLY.

An indictment on the *St.* of 1855, *c.* 405, which charges the defendant, in the words of the statute, with keeping and maintaining a common nuisance, to wit, a building used for the illegal sale and illegal keeping of intoxicating liquors, to the nuisance of all peaceable citizens, is sufficient, without more particularly charging the illegal sale or illegal keeping of intoxicating liquors.

INDICTMENT, alleging in the first count that the defendant, at a certain time, at Boston, did "keep and maintain a certain common nuisance, to wit, a building in said city of Boston, then and there used for the illegal sale and illegal keeping of intoxicating liquors, to the great injury and common nuisance of all the peaceable citizens of said commonwealth there residing, inhabiting and passing; against the peace and dignity of said commonwealth, and contrary to the form of the statute in such case made and provided." The second count was precisely similar, except in substituting the word "tenement" for building.

The defendant, after conviction in the municipal court of Boston, moved in arrest of judgment, for the insufficiency of the indictment in not alleging in what the illegal sale and illegal keeping of intoxicating liquors consisted, nor setting forth and describing the offence of a common nuisance. *Nash*, J. overruled the motion, and the defendant alleged exceptions.

*F. F. Heard*, for the defendant. This indictment is on *St.* 1855, *c.* 405, § 1, and uses the statute words. But, in framing an indictment on a statute, it is not "sufficient to pursue the very words of the statute, unless by so doing you fully, directly and expressly allege the fact in the doing or not doing whereof the offence consists, without any the least uncertainty or ambiguity." 2 Hawk. *c.* 25, § 111. *Commonwealth* v. *Clifford*, 8 Cush. 217. The words of this statute do not set forth, and were not intended to set forth, fully, directly and expressly, all that is necessary to constitute the offence intended to be punished. To constitute that offence, there must be an illegal sale and illegal keeping of intoxicating liquors. These facts therefore must be alleged, in an indictment on this statute, in the

same manner in which they are required to be alleged in an indictment for selling intoxicating liquors.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J.   The first section of *St.* 1855, *c.* 405, declares all buildings, places or tenements, used for the illegal sale or keeping of intoxicating liquors to be common nuisances, and that they are to be regarded and treated as such.   The second section prescribes the punishment of any person keeping or maintaining any such common nuisance.   The indictment sets forth the offence in the words of the statute which creates it.   And this is a case in which we think an indictment may well be so framed; because no allegation of anything more than the words of the statute necessarily import is required in order to show that the statute offence has been committed by the defendant. The case, in our judgment, cannot be distinguished from *United States* v. *Gooding*, 12 Wheat. 473, 474; *Whiting* v. *State*, 14 Conn. 487; *Commonwealth* v. *Pray*, 13 Pick. 359; and *Commonwealth* v. *Ashley*, 2 Gray, 356.   Each of these cases was, like this, an indictment for an offence created by a statute which fully and plainly described the act or acts that constituted the offence thereby made punishable.   But in *Commonwealth* v. *Clifford*, 8 Cush. 215, cited by the defendant's counsel, the indictment was for robbery, a common law offence, for which the form of indictment had long been established, but for which offence a statute had provided a punishment, without setting forth all the several acts and facts which constituted robbery. In that case, it was very clear that the indictment, which contained only the words of the statute, omitting allegations of matters that were necessary to constitute robbery, was insufficient to sustain a judgment; just as an indictment for larceny, under the Rev. Sts. *c.* 126, § 17, would be held insufficient, which should merely allege, in the words of that section, that A. committed the offence of larceny, by stealing a horse, the property of B.                    *Exceptions overruled.*