### THE STATE *v.* WILLIAM LOCKBAUM.

Where an offence created by statute is described in the words of the statute, and the averments are sufficient for an intelligible verdict and judgment, the prisoner must show that other omitted averments are necessary to insure a fair trial, or reasonable protection against further prosecution.

Therefore, where an information for an attempt to vote illegally at an electors' meeting in the town of New Haven by assuming the name of another person on the registry list, described the offence in the words of the statute, but did not allege the name of the person assumed by the prisoner, or that such name was unknown; or that the electors' meeting was legally warned or held, or for what purpose it was held; or that the offence was committed in either of the voting districts of the town; or that the registry list was a list of either of such voting districts, or was legally prepared; or that the offence was committed between the hours of six o'clock in the morning and five o'clock in the afternoon; Held, that neither of the omitted averments was necessary to the defence or protection of the prisoner, and that the information was sufficient.

INFORMATION for illegal voting; brought to the Superior Court in New Haven county, and tried on the plea of not guilty, before *Carpenter*, J.

The information contained two counts. The first count alleged, " that at the town of New Haven, in said New Haven county, at an electors' meeting held in said town on the third day of April, one thousand eight hundred and seventy-one, William Lockbaum of said town, fraudulently did vote by assuming the name of a person other than himself, viz., by assuming the name of Christopher Schnurr, which was then on the registry list of electors of the town of New Haven, then being used in said electors' meeting."

The second count alleged "that the said William Lockbaum at the said electors' meeting held at said town of New Haven, on the third day of April, 1871, as aforesaid, did attempt fraudulently to vote by assuming the name of another person which was on the last prepared registry list of electors of said town of New Haven, and prepared for said election, and which was not his own name."

The jury returned a verdict of guilty on the second count, and not guilty on the first count, and the prisoner filed a motion in arrest of judgment for the insufficiency of the information, assigning the following reasons:

1. It is not alleged in the second count of said information, that said electors' meeting was legally warned or legally held.

2. It is not alleged that the offence charged was committed in either of the several voting districts within said town of New Haven.

3. It is not alleged that said Lockbaum attempted to vote upon the name of any particular person upon the list, or what name said Lockbaum assumed and attempted to vote on, and the name of the person upon which he assumed and attempted to vote on is not alleged, or that he assumed and attempted to vote on the name of a person to the attorney unknown.

4. It is not alleged that said offence was committed between the hours of six in the morning and five in the afternoon, on said third day of April, 1871.

5. It is not alleged that said Lockbaum "then and there" assumed, or "then and there" attempted.

6. It is not sufficiently alleged by what overt acts said attempt was made.

7. It is not alleged that said registry list was a registry list of either of the several voting districts of said town of New Haven, or that said list was legally prepared.

8. It is not alleged for what purpose said electors' meeting was held.

*Blydenburgh*, in support of the motion.

*Foster*, State Attorney, contra.

BUTLER, C. J.   This motion in arrest is insufficient, and must be overruled.   The offence charged in the information was created by statute, and is well described therein.   It is also alleged in the language of the statute.   It is a well settled rule of the common law that such an offence thus alleged is sufficiently described in an indictment or information.   To this rule there may be exceptions, owing to the imperfect manner in which such offences are sometimes described in the statutes, and the consequent necessity of further averments to insure a fair trial, an intelligible judgment, and a record which shall be available to protect the prisoner from further prosecution for the same offence.   But while the law thus, by permitting exceptions to the rule, is careful to protect the rights of the accused, it is, or should be, equally careful to prevent a failure of justice.   To this end it was enacted in England by 6 Geo. IV., section 21, that indictments or informations which describe the offence in the words of the statute, should be held sufficient to warrant the punishment prescribed by the statute.   Judgment therefore cannot be arrested there for the want of exceptional averments, however necessary, but the prisoner must take advantage of the defect by demurrer.   That is a just statute, and should be adopted in this country.   It gives protection to the prisoner by permitting him to point out by demurrer the defects which do or may operate against him, and gives the state an opportunity by amendment to correct the defects, and thus insures both a fair and conclusive trial.   No such enactment has been passed in this state, or, so far as I can learn, in any state of this country, and we must gather from the decisions which have been had here and elsewhere the precise state of the law on this subject.

The decisions are very numerous, and in the main harmonious.   From the nature of the case however, and the great variety of these statutes regulating the internal police of the different states, there are no settled exceptions.   Each decision rests upon its own peculiar circumstances.   Certain gen-

eral rules only are settled in relation to such exceptions. Judge BRONSON in *The People* v. *Taylor*, 3 Denio, 95, in relation to such additional and exceptional averments, says that "they are required to the end that the defendant may know what crime he is called upon to answer ; that the jury may be able to deliver an intelligible verdict ; the court render a proper judgment, and finally that the defendant may be able to plead his conviction or acquittal in bar of another prosecution for the same offence." To these rules however there is another qualification, thus stated by Judge STORRS in *Whiting* v. *The State*, 14 Conn., 491: "It is for the defendant to show that his case falls within some of the exceptions." The rule then, as the averments are sufficient for an intelligible verdict and judgment, applicable to the case is this : that inasmuch as the offence is created by statute, and is described in the information in the words of the statute, *the prisoner must show* that other omitted averments were *necessary* to insure a fair trial, or reasonable protection against further prosecution. This, in our opinion, he has failed to do.

I. It was not essential to his defence, or his protection from further prosecution, that it should be averred that the electors' meeting was legally warned and held. The meeting was the annual electors' meeting, prescribed by the constitution to be holden on the first Monday of April.

II. It was not essential to his defence or protection that the offence should have been charged to have been committed in a voting district of New Haven. Single electors' meetings, organized by the appointment of officers, for the annual state election and for each town in the state, are prescribed by the constitution, and all the votes must be received, counted and declared *in such meeting*, when organized and opened. Voting districts are not electors' meetings. They are places where the votes are received for convenience, to be transmitted to, and received, counted and declared in the one, indivisible electors' meeting. If they are more than that, they are unauthorized and unconstitutional. There being but one meeting known to the constitution and laws for the town, the averment was proper and sufficient.

III. It has not been made to appear, and it cannot be pre-

sumed, that it was essential to the defence or protection of the prisoner that the name assumed, on which the prisoner attempted to vote, should have been alleged.  The burden, under the rule in such cases, is on him to show that it was necessary for his defence that the name which he assumed was not at the time of trial within his knowledge.  That fact he has not shown, nor attempted to show.  Nor was it necessary for the purpose of identifying the offence, and for his protection against further prosecution.  First, because in the nature of things there could be but one offence of the kind. The annual state electors' meeting for each town is organized and held at a specified time and place, for a distinct and specified purpose—is a distinct and independent occasion, where certain qualified persons may do a single act.  In contemplation of the law, therefore, there could be but one offence, upon one, distinct, independent occasion.  A further prosecution for such an offence would not only be primâ facie evidence that it was for the same offence, but conclusively so, from the nature of the case.  There being but one occasion when and where the offence could be committed, and the offence being in its nature, distinct and single, to wit: a fraudulent attempt to exercise the right of suffrage by assuming the name of another person, no question of identity of offence could arise. It is indeed possible for a man to offer to vote twice, by assuming two different names in one electors' meeting, but it does not lie in the mouth of the prisoner to say that the attorney or the court should contemplate such a contingency.

But if it were not so, the condition of the prisoner would be no worse than it would have been if the information had alleged that the name assumed was unknown.  In either case it would be competent for the prisoner to show, by extrinsic evidence, that the name which he was convicted for assuming was the same as that which he was again prosecuted for assuming.  That is well settled.  3 Hill, 95; 17 Wendell, 386.  It cannot then be said with truth that the prisoner has shown that the insertion of the particular name in the information was in fact *necessary* for his defence or protection.

Nor can it be said of either of the other alleged defects, and a particular consideration of them is unnecessary.

In this opinion PARK, CARPENTER, and SEYMOUR, JS., concurred.   FOSTER, J., expressed strong doubts, but finally concurred.