## STATE *vs.* JAMES MARCHANT.

An indictment under Pub. Stat. R. I. cap. 246, § 5, charged that the accused "unlawfully did keep and suffer to be kept a certain room to be used and occupied for the purpose of gambling, and playing at games of chance for money and other valuable considerations, whereby," etc., giving the time and place.

*Held*, that the indictment was sufficient without an allegation that he kept the room to be "then and there" used for gambling.

The accused was left temporarily in charge of the premises by the lessee and keeper.

*Held*, that it was not necessary for the State to prove that the room was actually used as a gambling room while the accused was in charge. It is enough that he was in charge of the premises for the purpose of having them used for gambling.

EXCEPTIONS to the Court of Common Pleas.

*May* 26, 1887. PER CURIAM. The defendant was indicted in the Court of Common Pleas, under Pub. Stat. R. I. cap. 246, § 5.[1]

---

[1] As fo'lows: —

"SECT. 5. Every person who shall keep or suffer to be kept any building, room, booth, shed, tent, arbor, or any other place, in any city or town in this State, or in any vessel, boat, or raft upon any of the waters of Narragansett Bay, to be used or occupied for the purpose of gambling, or playing at any

The case comes before us on exceptions for alleged errors committed by said court in refusing to instruct the jury on the trial as requested by the defendant, and also for overruling the defendant's motion in arrest of judgment. We will consider the latter exception first.

The indictment contains two counts. The first count charges that the defendant, on July 4, 1886, with force and arms, at Pawtucket, "unlawfully did keep, and suffer to be kept, a certain room to be used and occupied for the purpose of gambling, and playing at games of chance, for money and other valuable considerations, whereby," etc. The second count charges that the defendant, at the same time and place, "unlawfully did keep and exhibit, and suffer to be kept and exhibited, upon his premises and under his control, tables, cards, dice, etc., to be used in gambling and playing at games of chance, whereby," etc. The defendant directs his argument especially against the second count, as being the more clearly insufficient. The motion, however, cannot be sustained if either count is good. We think the first count is good. It is substantially in the language of the statute. The objection of the defendant is, that the charge is that he kept the room to be used for gambling, without alleging that he kept it to be *then and there* used for gambling. We think, however, that the charge that the defendant, on the 4th of July, did keep a room, and suffer it to be kept, to be used for gambling, means that he kept it, and suffered it to be kept, to be used for gambling on the day alleged, and that the words " then and there " were unnecessary. *Commonwealth* v. *Bugbee*, 4 Gray, 206 ; *Commonwealth* v. *Langley*, 14 Gray, 21 ; *Whiting* v. *The State*, 14 Conn. 487.

game or games of chance of any kind whatsoever, for money or other valuable consideration, or shall keep, exhibit, or suffer to be kept or exhibited, upon his premises or under his control, any cards, dice, table, bowls, wheel of fortune, shuffle-board, or billiard table, or any device, implement, or apparatus whatsoever to be used in gambling or playing at any game or games of chance, for money or other valuable consideration, or who shall be guilty of dealing faro, or banking for others to deal faro, or acting as lookout, gamekeeper, or assistant for the game of faro, or any other banking game where money or property is dependent on the result, shall be taken and held to be a common gambler, and shall be imprisoned not exceeding two years, or be fined not exceeding five thousand dollars nor less than five hundred dollars."

The evidence submitted on the trial of the indictment went to show that one Frank E. Sulloway was the lessee and keeper of the room mentioned in the indictment, and that the defendant was there with others, and that, on the day mentioned in the indictment, the defendant and others being present, Sulloway went out and left the room temporarily in charge of the defendant. The instruction requested was, that if the jury found that the defendant was not an employee of Sulloway, but was left temporarily in control and charge of the room, it was necessary for the jury also to find that, during some part of the time when the defendant was so in control and charge, the room was used in gambling, and playing at a game or games of chance, for money or other valuable consideration, in order to find the defendant guilty as charged. We do not think the refusal of the instruction was error, for we are of the opinion that if the defendant was in charge and control of the room for the purpose, on his part, of its being used as a gambling room, it was enough to make him guilty of the offence, even though the room was not actually so used while he was in charge of it. *State* v. *Miller*, 5 Blackf. Ind. 502. The counsel for the defendant, in his brief, argues that " the jury must be satisfied that the premises were kept *by the defendant* for the purpose of being used in gambling." This is undoubtedly true; but, in order to prove this, it is not necessary to prove that they were actually so used.

Exceptions overruled, and case remanded to Court of Common Pleas for sentence.

*Walter F. Angell*, Assistant Attorney General, for plaintiff.

*Charles H. Page & Franklin P. Owen*, for defendant.