### THE STATE *vs.* JAMES COSTELLO.

Hartford Dist., May T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and J. M. HALL, Js.

Ordinarily it is sufficient to charge a statutory offense in the words of the statute. But when the words of the statute by their generality may embrace cases falling within its literal terms which are not within its meaning or spirit, or where from the nature of the offense the words of the statute do not clearly and definitely apprise the accused of the offense charged against him, then greater particularity must be used.

It is provided by Gen. Statutes, § 1423, that "every person who shall willfully injure any public building, house of worship, college or school-house, shall be fined," etc. An information charged that the defendant "did willfully injure a house of worship situated in said town of *M*, being the property of the Second Congregational Society of said town and used by said society as a house of worship." Held to be insufficient.

[Argued May 4th—decided June 30th, 1892.]

GRANDJUROR'S complaint, and a binding over to the Superior Court in Tolland County, upon a charge in the first count that the defendant, "with force and arms, did willfully injure a public building and house of worship, situated in said town of Mansfield, said building being the property of the Second Congregational Society of said Mansfield and used by said society as a house of worship."

There were three other counts; the second charged the putting of deleterious and filthy substances in and on the same building, with intent to injure it; the third the putting such substances on a privy adjacent to and belonging to the Second Congregational Society; and the fourth the writing, printing, and posting up offensive, indecent and abusive matter concerning one David H. Snow of Mansfield.

The case was tried to the jury before *Fenn, J.* When they came in with their verdict, they said they found the prisoner guilty of the crime charged in the first count of the complaint, and that they had not passed on the other counts. The state's attorney then, upon the suggestion of the court, nolled the other counts.

The counsel for the defendant then moved in arrest of judgment for the insufficiency of the complaint, which motion the court overruled, and rendered judgment on the verdict. The defendant appealed.

*W. C. Case* and *T. D. Waterous*, for the appellant, cited— 1 Archb. Crim. Prac., 85, and cases cited; 2 Swift Dig., 396; *Morse* v. *The State*, 6 Conn., 9; *Barth* v. *The State*, 18 id., 432; *State* v. *Bierce*, 27 id., 318; *State* v. *Wilson*, 30 id., 500; *State* v. *Jackson*, 39 id., 229; *State* v. *Jackson*, 7 Ind., 270; *State* v. *Aydelott*, 7 Blackf., 157; *State* v. *Jackson*, 12 Ired., 329; *Anthony* v. *The State*, 29 Ala., 27; *State* v. *Pugh*, 15 Mo., 509; *Sewall* v. *The State*, Wright (Ohio), 483; *U. States* v. *Mills*, 7 Pet. 138; 1 Bishop's Crim. Pro., § 331.

*B. H. Bill*, State's Attorney, for the State.

The count alleges the offense in the language of the statute. Gen. Statutes, § 1423. This is sufficient, and all that in such cases is required. *Whiting* v. *The State*, 14 Conn., 487, 491; *State* v. *Lockbaum*, 38 id., 400; *State* v. *Cady*, 47 id., 46; *State* v. *Teahan*, 50 id., 92, 99; *State* v. *Basserman*, 54 id., 88. The principal exception to the rule that it is sufficient to charge a statutory offense in the language of the statute creating it, is "where the words of the statute may, by their generality, embrace cases falling within its literal terms which are not within its meaning and intent." *State* v. *Bierce*, 27 Conn., 318. The complaint in this case is sufficiently definite. *Kilbourn* v. *The State*, 9 Conn., 563; *Barth* v. *The State*, 18 id., 438; *Rawson* v. *The State*, 19 id., 292, 297. Technical rules are not to be applied strictly in the case of a grandjuror's complaint. *State* v. *Holmes*, 28 Conn., 230. Obscene and indecent matter is not to be set out in a criminal complaint or indictment. *Commonwealth* v. *Holmes*, 17 Mass., 336; 2 Swift's Dig., 405.

ANDREWS, J. The defendant was bound over to the Superior Court in Tolland County by a justice of the peace

---

---

in the town of Mansfield, upon a grandjuror's complaint charging " that at said town of Mansfield, on the 28th day of January, A. D. 1891, James Costello of said Mansfield with force and arms did willfully injure a public building and house of worship situated in said town of Mansfield, said building being the property of the Second Congregational Society of said Mansfield and used by said society as a house of worship; against the peace, contrary to the form of the statute in such case made and provided and of evil example."

In the Superior Court he was tried upon the same complaint and found guilty. He thereupon moved in arrest of judgment, " because the said complaint and the matters therein contained are insufficient in the law to warrant a judgment thereon to be rendered against him." The Superior Court overruled that motion. The defendant now appeals to this court and assigns as a reason for appeal, " that the court erred in overruling his said motion in arrest of judgment."

The statute upon which the complaint was brought is section 1423 of the General Statutes of 1888, and is that " every person who shall willfully injure any public building, house of worship, college or schoolhouse, or who shall willfully injure or carry away any stove-pipe, or furniture in or belonging to any such building, shall be fined," etc.

It is a general rule of criminal pleading, from which no substantial departure is ever permitted, that every information or indictment must contain a statement of all the facts and circumstances essential to constitute the crime with such particularity and certainty that the defendant may know the nature of the crime of which he is accused and what he is to answer, that the jury may be warranted in their conclusion of guilty or not guilty upon the premises delivered to them, that the court may see a definite offense on the record to which they may apply the judgment and punishment prescribed by law, and that the conviction or acquittal of the defendant may be pleaded in bar to a subsequent prosecution for the same offense. *Rex* v. *Horne,* Cowp., 672, 782; 2 Swift's Dig., 396.

It has been stated in many cases that in an information for a statutory offense it is sufficient to allege it in the words of the statute. But such statement is never intended to be a relaxation of the general rule as above given, because in all cases the offense must be set forth with clearness and all necessary certainty to apprise the accused of the crime with which he stands charged. Ordinarily it is sufficient to charge a statutory offense in the words of the statute. But when the words of a statute by their generality may embrace cases falling within its literal terms which are not within its meaning and spirit, or where from the nature of the offense the words of the statute do not clearly and definitely apprise the accused of the offense charged against him, then greater particularity must be used. Thus in informations for obtaining goods by false pretenses, the particular false pretense must be set out. *State* v. *Penley*, 27 Conn., 587; *State* v. *Bierce*, id., 319. So in cases of false statements relative to the distance of driving a horse, made with intent to defraud the owner, the particular false statement or misrepresentation must be mentioned in the information. *State* v. *Jackson*, 39 Conn., 229; Archbold's Criminal Pleading, (5th ed.,) pages 50 and 51.

Injury to a house of public worship may be done in an almost infinite number of ways. To charge one in an information with doing injury to such a house would not apprise him in any definite manner of the nature of the crime he was to answer. He might be confronted with evidence that he had cut the back of a pew with a penknife, or that he had picked the lock on the door, or that he had blown up the entire building with dynamite or some other thing, or any other thing causing injury anywhere between these extremes. Such an information would be clearly bad for uncertainty.

The injury proved in the present case consisted of a large number of obscene figures and vile images, with names, obscene words and scenes, painted with black paint in a rough and uncouth manner on the front and north sides of the Mansfield church. There could be no difficulty in describ-

ing them with reasonable certainty in the complaint; nor need there have been anything in such a description to offend against decency or good taste. To say that a painted figure is obscene is not to spread obscenity on the record, while to omit all description was to deprive the defendant of a means of defense to which the law holds him to be entitled. We think the motion in arrest should have been allowed.

The other questions are immaterial.

The judgment of the Superior Court in overruling the motion in arrest is erroneous, and that judgment is reversed.

In this opinion the other judges concurred.