THE STATE *vs.* EDWARD S. DE LADSON.

Third Judicial District, New Haven, January Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 1529 of the General Statutes provides that any person " who shall keep or maintain a disorderly house, or a house where lewd, dissolute, or drunken persons resort," shall be fined, etc. *Held* that an information which charged the defendant, in a single count, with keeping and maintaining "a disorderly house, and a house where lewd, dissolute and drunken persons resort" alleged but one offense, and was not demurrable upon the ground of duplicity.

[Submitted on briefs January 15th—decided February 8th, 1895.]

PROSECUTION for keeping a disorderly house, brought to the City Court of New Haven and thence by the defendant's appeal to the criminal side of the Court of Common Pleas for New Haven County, where the defendant demurred to the information, and the court, *Studley, J.,* reserved the questions of law arising thereon for the advice of this court. *Judgment advised for the State.*

The case is sufficiently stated in the opinion.

No counsel appeared for the defendant.

*George M. Gunn*, Prosecuting Attorney, for the State.

The complaint does not charge two distinct and separate offenses, and therefore is not objectionable upon the ground of duplicity. *State* v. *Maxwell*, 33 Conn., 259; Wharton's Criminal Law, 9th Ed., vol. II., § 1450; *Com.* v. *Ballou*, 124 Mass., 26; *Barnes* v. *State*, 20 Conn., 232; *State* v. *Burns*, 44 id., 149; *State* v. *Hartwicke*, 49 id., 101; *State* v. *Teahan*, 50 id., 99; *State* v. *Bosworth*, 54 id., 2; Wharton's Crim. Pleading & Practice, 8th Ed., § 251.

ANDREWS, C. J.   The defendant was arrested, tried and found guilty, in the City Court of New Haven upon a complaint charging "that on the 7th day of February, A. D. 1894, at said city and town of New Haven, Edward S. De Ladson, * * * with force and arms did then and there keep and maintain, and for a long time previous thereto did there keep and maintain, and still does there keep and maintain, a disorderly house, and a house where lewd, dissolute and drunken persons did then and there, and for a long time previous thereto did, and still do, resort, which said house is known as 53 Orange street, against the peace," etc.   From that judgment he appealed to the criminal side of the Common Pleas Court in New Haven County.   In the latter court he demurred to the complaint, "because he alleges that the State's complaint contains in one count and alleges therein two separate and distinct crimes and offenses, to wit: first, the keeping a disorderly house; second, the keeping of a house where lewd, dissolute and drunken people resort, each of which is punishable by a fine and imprisonment."   The Common Pleas Court reserved the questions thus presented for the advice of this court.

This is a complaint for keeping a disorderly house in violation of § 1529 of the General Statutes.   A complaint under this section alleging only that the defendant " did keep and maintain a disorderly house," does not properly charge the statutory offense.   But if the allegation that the house

described in the complaint was kept by the defendant as a " disorderly house," can be treated as sufficiently stating the offense, it is not true that the further allegations specifying the kind of disorder in keeping the house constitutes duplicity; several such specifications made in one count charge but one offense.

The rule of pleading which must be observed in complaints upon statutory offenses has been passed upon by the court so many times and so recently, that we have now no occasion to go over it again. We refer to the cases as expressing our present view. *State* v. *Costello*, 62 Conn., 128; *State* v. *Keena*, 63 id., 329; *State* v. *Bosworth*, 54 id., 2; *State* v. *Teahan*, 50 id., 99; *State* v. *Hartwick*, 49 id., 101; *State* v. *Burns*, 44 id., 149; *State* v. *Maxwell*, 33 id., 259; *Barnes* v. *State*, 20 id., 232. See also *Commonwealth* v. *Ballou*, 124 Mass., 26; 2 Wharton's Crim. Law (9th Ed.), § 1450; Wharton's Crim. Pleading, § 251. The Court of Common Pleas is advised to overrule the demurrer.

In this opinion the other judges concurred.