THE STATE, FRANCIS J. CAVENAUGH, PROSECUTOR, v.
    THE BOARD OF CHOSEN FREEHOLDERS OF THE
    COUNTY OF ESSEX.

An honorably-discharged Union soldier, who is employed as a guard or keeper in a county jail, such employment being for no specific time, is entitled to the protection of the act of March 14th, 1895 (*Gen. Stat.*, p. 3702), which forbids the removal of such soldier from any position or office under the government of any county of this state, the term of which is not fixed by law, except after hearing and upon good cause shown.

On *certiorari.*

Argued at November Term, 1895, before Justices Depue, Van Syckel and Gummere.

For the prosecutor, *Joseph A. Beecher.*

For the defendant, *Joseph L. Munn.*

The opinion of the court was delivered by

Gummere, J.    The writ of *certiorari* brings into this court for review the action of the jail inspection committee of the board of chosen freeholders of Essex county, removing the prosecutor from his position as keeper or guard in the Essex county jail. He was appointed to this position on March 4th, 1890, for an indefinite period, and was removed on June 8th, 1895, without a hearing and without any charges having been first preferred against him.

The prosecutor is an honorably-discharged Union soldier, and claims that his removal is in violation of the provisions of an act entitled "An act regarding honorably-discharged Union soldiers, sailors and marines," approved March 14th, 1895. *Gen. Stat., p.* 3702. That act declares that no person now holding or who may hereafter hold a position or office under the government of this state, or the government of any city or county of this state, whose term of office is not fixed by law, who is an honorably-discharged Union soldier, sailor or marine, shall be removed from such position or office except for good cause shown; and that before any such soldier, &c., shall be dismissed from any such position or office, charges shall be preferred against him, a copy of which must be served upon him, and a time set for the hearing of the same, at which time the soldier, &c., so accused shall have the right to be represented by counsel, and to produce witnesses and testimony in his own behalf.

This act was in force at the time of the prosecutor's removal, and he was entitled to its protection, provided he held

a position or office under the county government within the meaning of the act. The distinction between those positions which are entitled to the protection of what are commonly known as the "veteran acts" and mere employments under the state, city or county, is pointed out in the case of *Lewis v. Jersey City*, 22 *Vroom* 240, and it is there stated that those acts do not apply to employments which are occasional or temporary, or where the services to be performed are of a general character and such as may be from time to time directed by a superior, without being in any manner indicated by the special nature of the employment, but that those employments the duties of which are continuous and permanent and specially pertaining to the position assumed are within their protection. Applying this test it seems to me that the prosecutor in this case was "a person holding a position" within the meaning of the act of 1895. He was appointed keeper or guard in 1890 and remained in that position continuously for a period of more than five years; his duty, which was to assist in guarding the jail and in keeping watch over the prisoners, was permanent in character, not occasional or temporary, and it pertained to the position which he occupied.

Being a person holding a position under the government of Essex county, who is an honorably-discharged Union soldier, his removal without a hearing and without any charges having been first preferred against him was in violation of the act of 1895, and the resolution of dismissal should be set aside, with costs.