THE STATE vs. JOHN F. GALLAGHER.

Third Judicial District, New Haven, Jan. Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A city ordinance forbidding the sale of unclean, impure, or adulterated milk, provided that no one should sell, offer or expose for sale, or keep with intent to sell, within the city, any milk, without first having obtained a license therefor from the board of health. The ordinance further provided that the licenses were to be issued " only in the names of the owners of the vehicles by means of which the business is carried on," that each was to state " the name, residence, and place of business of the licensee," the number of " vehicles used by him in the business," which were to display the name and number of the licensee, and prescribed various other details. *Held* that the ordinance was directed against the unlicensed sale and delivery of milk as a regular, stated business, and that an information which merely charged a sale, offer to sell, possession with intent to sell, etc., without a license, failed to allege any violation of the ordinance.

A demurrer in a criminal case need not be special; but if it is the court may treat it as a general demurrer and adjudge the complaint insufficient for causes not alleged.

Submitted on briefs Jan. 16th—decided Feb. 13th, 1900.

INFORMATION for the violation of a city ordinance concerning the sale of milk, brought to the City Court of Waterbury and thence by the defendant's appeal to the District Court and tried to the court, *Cowell, J.*, upon the defendant's demurrer to the information; the court sustained the demurrer and adjudged the defendant not guilty, and the State appealed for alleged errors in the rulings of the court. *No error.*

The information was in five counts. The first one alleged that "on the 20th day of March, 1899, at said city and town of Waterbury, within said district, John F. Gallagher, now of said Waterbury, with force and arms did then and there unlawfully offer and expose for sale certain milk, without first having obtained from the board of health of said city of Waterbury a license so to do, against the peace, of evil example, and contrary to the ordinance of said city of Waterbury in such case made and provided."

All the other counts were, as to their formal parts, precisely like this one. The material words in the second count were: "did then and there unlawfully sell certain milk;" in the third count: "did then and there unlawfully have in his possession with intent to sell certain milk;" in the fourth count: "did then and there unlawfully deliver for sale certain milk;" and in the fifth count: "did then and there unlawfully deliver for consumption certain milk."

The defendant demurred to this complaint upon the ground, generally, that the ordinance of the city of Waterbury upon which the prosecution was brought was not authorized by the charter of the city, nor by the laws of the State. The court sustained the demurrer, and the State has appealed.

The ordinance of the city of Waterbury referred to in the case is one apparently intended to prevent the sale of "unclean, impure, unwholesome, unhealthy, or adulterated milk." Its first section forbids the sale of such milk. The second section defines what is meant by the term "adulterated milk" as used in the ordinance. The third requires licenses for milk sellers. The fourth and fifth sections are as follows:—

"Sec. 4. The licenses herein provided for shall be issued only in the names of the owners of the vehicles by means of which the business is carried on, and shall for the purpose of this ordinance be conclusive evidence of ownership, and no license shall be sold, assigned, or transferred. Each license shall state the name, residence, and place of business of the licensee, and the number of carriages or other vehicles used by him in the business, the name and residence of every driver or other person engaged in carrying, selling, or delivering said milk for him, and the number of the license.

"Sec. 5. Each licensee shall before engaging in the sale of milk cause the name and number of his license to be legibly placed and kept in a conspicuous place on the outer side of all carriages, wagons, carts, sleighs, or other vehicles used by him in the conveyance and sale of milk."

The remaining sections provide for other details.

*Nathaniel R. Bronson*, Prosecuting Attorney, for the appellant (the State).

*Albert P. Bradstreet*, for the appellee (the defendant).

ANDREWS, C. J. The Practice Act does not apply to pleadings in criminal causes. The District Court could properly treat the demurrer in this case as a general demurrer, and sustain it if the complaint was insufficient for any cause, though such cause was not mentioned in the specifications.

We are inclined to think the complaint was insufficient; not for the cause that the ordinance was not authorized by the city charter or by law (that question we purposely pass without discussion), but for the reason that it does not charge any violation of the ordinance itself. The gravamen of the complaint is that the defendant did certain things with a certain intent "without first having obtained a license." The second count charges that the defendant did "sell certain milk." The third that he did "have in his possession with intent to sell certain milk." The fourth that he did "deliver for sale certain milk," and the fifth that he did "deliver for consumption certain milk;" and in each count it is charged that the defendant so acted, without having first obtained from the board of health of the said city a license so to do.

Let it be supposed that under this complaint a trial should be had; if upon such trial it should be proved that the defendant had had in his possession a pint of milk and had exposed it with the intent to sell and deliver it, and that he had actually sold and delivered it to his neighbor to feed a hungry child, and that he did this without a license, then all the material allegations of the complaint would be proved. Now it

seems quite clear that the ordinance does not intend to require a license for such things as these. Indeed, if the defendant, intending these things, and intending nothing more, should apply to the board of health of the city of Waterbury for a license, that board could not give him one. The fourth and fifth sections of the ordinance indicate that the licenses are to be issued only to persons who are engaged in the business of selling and delivering milk as a regular and stated business.

The fourth section says that the license provided for by the ordinance shall be issued "only" upon the conditions therein named. In this complaint there is no averment that the defendant comes within those conditions, or any of them. The rule of certainty to be followed in criminal pleading is stated in *State* v. *Costello*, 62 Conn. 128. The complaint in this case does not set forth any conditions which show that it was the duty of the defendant to obtain a license, nor those conditions which would enable him to obtain a license if he applied. There is, then, no violation of the ordinance averred in the complaint.

There is no error.

In this opinion the other judges concurred.