THE STATE OF CONNECTICUT *vs.* ANTHONY CARROLL.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

It is not sufficient to charge a misdemeanor in the words of the statute creating it, if the language of the statute is general and obviously includes cases not within its spirit and intent.

An information for "wilfully interrupting and disturbing an assembly of people met for a lawful purpose," in violation of General Statutes, § 1281, should set forth the act or means whereby the interruption and disturbance was accomplished, so that it may appear whether the defendant's conduct was lawful or not; otherwise advantage may be taken of the omission either by demurrer or by a motion in arrest of judgment.

The best evidence of the contents of a petition is the petition itself.

Argued June 3d—decided July 20th, 1909.

INFORMATION for wilfully interrupting and disturbing the board of aldermen of the city of New Haven when met for a lawful purpose, brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

*David E. FitzGerald* and *Walter J. Walsh,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

THAYER, J. The information charges that the defendant did "wilfully and unlawfully interrupt and disturb a certain assembly of people met in the City Hall of said town of New Haven for a lawful purpose, to wit, the Board of Aldermen of the City of New Haven, against the peace . . . and contrary to the statute." After verdict the defendant duly filed a written motion in arrest of judgment upon the ground that the information was insufficient.

The objection to the information is stated in various ways, but the real ground of objection is that it does not state the act or means by which the defendant disturbed and interrupted the meeting of the board of aldermen. The information follows the language of the statute. This is ordinarily enough; but it is not so in all cases. Manifestly an assemblage of people may be disturbed and interrupted in a variety of ways, some within and some not within the prohibition of the statute. Such interruption may arise from language, noise, or conduct in the room where the people are assembled, or it may arise from acts and conduct outside of and at a distance from the place of assemblage. It may arise from the lawful and proper operation of a saw-mill or other mechanical contrivance in the ordinary course of the owner's business, as well as from an unnecessary and unlawful noise, as by shouting or the firing of pistols or cannon in the neighborhood of the assemblage. The statute cannot intend to punish a person for the lawful conduct of his business, although it may interrupt or disturb persons who have assembled near by. But the language of the statute is general, and embraces within its terms cases not within its spirit and intent.

While it is generally sufficient to charge a statutory misdemeanor in the language of the statute creating it, it is not so where, as in the present case, that language includes cases not within the intent of the statute. *State* v. *Bierce*, 27 Conn. 319, 320; *State* v. *Costello*, 62 id. 128, 131, 25 Atl. 477. The language of the statute, which was followed in the information, did not with sufficient certainty apprise the defendant of the criminal act for which he was prosecuted.

It is claimed in behalf of the State that the defendant cannot now by a motion in arrest raise the question of the sufficiency of the information. It is said that he should have demurred, and that, having taken his chances with the jury, any defect in the information is cured by their verdict. Advantage may be taken by motion in arrest, as well as by demurrer, of a failure to set out in the information all the essential ingredients of the crime. *State* v. *Keena*, 63 Conn. 329, 330, 28 Atl. 522; *State* v. *Costello*, 62 Conn. 128, 25 Atl. 477. The defendant's objection to the information before us is that it does not describe in any way the criminal act for which he is prosecuted. This objection goes to the essence and merits of the charge, is shown to be true by a reading of the information, and can be taken advantage of by motion in arrest of judgment.

Complaint is made of the court's refusal to charge certain requests made by the defendant, and of certain parts of the charge as given. The requests referred to and the portion of the charge objected to relate chiefly to the question of the defendant's good faith in what he did, and to whether his conduct was wilful. The charge adequately covered these grounds, and was very favorable to the defendant. He has no ground for complaint in these respects.

The defendant testified in his own behalf that he was present at the meeting of the board of aldermen at the time of the claimed disturbance, but that he did not wil-

fully disturb the meeting, and that in what he did he acted honestly and in good faith and within what he honestly believed to be his legal rights. Upon cross-examination he was asked if he did not present a petition on that occasion to the board of aldermen. He answered affirmatively, and was then asked to state what the petition was. Objection was made upon the ground that the petition itself was the best evidence of its contents. This objection should have been sustained, but it was overruled, and the defendant was compelled to state the substance of the petition.

There is error and a new trial is ordered.

In this opinion the other judges concurred.