The State *v.* Moran.

———————

THE STATE OF CONNECTICUT *vs.* JOHN F. MORAN.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

General Statutes, § 6416, prescribes that one who shall "unlawfully neglect or refuse to support his wife" may be imprisoned. *Held* that this language was sufficiently precise and definite; and therefore that an information charging this offense in the words of the statute was sufficient under the well-settled rule in this State with respect to statutory offenses.

Nor is such an information demurrable because it does not allege that the wife is or may become a public charge by reason of the husband's neglect or refusal to support her. The statute makes no reference to such a result, and in this respect differs from legislation in some of the other States.

To "support" a wife, means more than to supply her with barely enough to keep her from being a pauper or an object of charity, or from becoming in danger of falling into that condition. The husband's obligation is to furnish her with such necessaries as the law deems essential to her health and comfort, including suitable clothing, lodging, food and medical attendance.

While the accused was on the witness-stand under cross-examination, an assistant of the prosecuting attorney declared in the presence of the jury: "He sits there as a perjurer upon that stand." Counsel for the accused thereupon asked the court to declare a mistrial and dismiss the jury, but the court merely remarked that it was for the jury to decide after the evidence was closed, whether a witness was telling the truth or not. *Held* that the attorney's statement was grossly unfair and improper, and necessitated a new trial, especially as its prejudicial influence was not removed nor corrected either at the moment, as it should have been, or afterward in the charge.

Argued April 12th—decided June 1st, 1923.

INFORMATION charging the accused with unlawfully neglecting and refusing to support his wife and minor child, brought to the Criminal Court of Common Pleas in New Haven County where a demurrer to the complaint was overruled (*Booth, J.*), and the cause was afterward tried to the jury before *Munger, Acting-Judge;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial ordered.*

The information contains two counts. In the first it is set forth that the accused on the 16th day of February, 1922, and for a long time prior thereto, in the town of New Haven, did "unlawfully neglect and refuse to support his wife, Matilda Moran, against the peace, of evil example, and contrary to the statute in such case made and provided." In the second count the accused is charged in the same language with neglecting and refusing to support his minor child. Before trial, the accused moved that the State be directed to make each of these counts more specific "by stating the kind and nature of the acts whereby he did unlawfully neglect and refuse to support his wife or his minor child"; and also demurred because the information did not state facts sufficient to show that the accused had violated any statute of the State, and did not allege that either his wife or his minor child is or may become a public charge by reason of his neglect or refusal to support either of them. The trial court denied this motion and overruled this demurrer. After the verdict, the accused filed a motion in arrest of judgment for the same reasons, which the court denied. Other rulings made during the trial, to which the accused entered exceptions, are sufficiently indicated in the opinion.

*Charles J. Martin*, with whom, on the brief, was *Abraham S. Weissman*, for the appellant (the accused).

*Edwin S. Pickett*, Prosecuting Attorney, for the appellee (the State).

BURPEE, J.   There was no error in denying the motions or overruling the demurrer which attacked the sufficiency of the information.   The criminal offense of unlawfully neglecting or refusing to support wife or child was created by statute.   In this State it is a well-settled general rule that in an information charging such an offense it is sufficient to describe the offense in the words of the statute.   If the accused in any such prosecution would insist upon greater particularity, it is for him to show that from the obvious intention of the legislature or because of known principles of law his case falls within some exception to this general rule.   *Whiting* v. *State*, 14 Conn. 487, 491.   If the averments are sufficient for an intelligible verdict and judgment, the accused may not complain unless he is able to demonstrate "that other omitted averments are necessary to insure a fair trial, or reasonable protection against further prosecution."   *State* v. *Lockbaum*, 38 Conn. 400, 403.   Such additional averments are necessary when the language of the statute is manifestly so general that it may embrace within its literal terms cases not within its meaning and spirit.   For the universal rule of criminal pleading is that the offense must be set forth with clearness and all the certainty necessary to inform the accused of the crime with which he is charged.   It may happen that lawful and proper conduct of the accused would bring him within the literal terms of the statute.   If so, the information must set forth the acts and means whereby his conduct was unlawful, as was held in *State* v. *Carroll*, 82 Conn. 321, 73 Atl. 780.   Or it may be that the offense could be committed in many different ways.   If so, the

accused has the right to demand that he be apprised definitely of the precise wrongful acts for which he is to answer. *State* v. *Costello,* 62 Conn. 128, 131, 25 Atl. 477. But the language of the statute which makes the nonsupport of wife or child a crime is not general or indefinite. It describes the offense with certainty and precision. No paraphrase nor circumlocution nor further description could make its spirit and intent plainer. The words "neglect," "refuse" and "support," in relation to this subject, have a precise and fixed meaning in the speech of people, and are to be construed according to the commonly approved usage of the language. General Statutes, § 6721. Properly omitting evidential allegations, the information in this prosecution, following the language of the statute, apprised the accused with clearness and certainty of the crime for which he was prosecuted. No other averments were necessary to insure to him a fair trial and reasonable security against further prosecution for the same offense. *State* v. *Bierce,* 27 Conn. 318; *State* v. *Lockbaum,* 38 Conn. 400, 403. The courts in recent times have manifested a strong disposition not only not to extend, but to dispense with, the strictness and minuteness with which informations or indictments for offenses at common law were formerly framed, and for which no sensible reason can be given and which is not necessary to a fair administration of justice. *Whiting* v. *State,* 14 Conn. 487, 490. This information is in the form generally used since this statute was enacted, and held to be sufficient against objections that every traversable fact, such as marriage, must be set forth. *State* v. *Schweitzer,* 57 Conn. 532, 18 Atl. 787.

The appellant contends that in an information for this crime it must be set forth that the wife or the child is, or is in danger of becoming, a public charge by

reason of the neglect or refusal of the accused to support the wife or child; and that the court must instruct the jury, and the jury must find, that the unlawful neglect or refusal of the accused has caused the wife or child to be, or to be in danger of becoming, a public charge. No support for this contention can be found in the terms of our statute. Doubtless it was within the purpose of our legislature to prevent wives and children from becoming charges upon the public, but that result was not the limit of its purpose nor its chief object. The statute it enacted contains no provision that by reason of the neglect or refusal to support his wife or child either of them may be in danger of being a burden upon the public. In this respect it is unlike the statutes of some other States. See *Cohen* v. *Camden,* 58 N. J. L. 499, 33 Atl. 943. The higher and more important object of the legislature of this State was to provide directly for unsupported wives and children, and to punish this offense against them, and by fear of punishment to prevent the committing of such offenses. *Commonwealth* v. *Acker,* 197 Mass. 91, 83 N. E. 312; *State* v. *Cucullu,* 110 La. 1087, 35 So. 300. For its economic protection and the general public welfare, the State is deeply concerned in the performance by a husband and father of the legal obligations which he has voluntarily assumed. Among them is the duty to provide for the reasonable material needs of his wife and dependent children. To support a wife, in the commonly accepted meaning of the phrase, means more than to supply her with barely enough to keep her from being a pauper or an object of charity, or from being in danger of falling into that condition. To support a wife is to furnish her with such necessaries as the law deems essential to her health and comfort, including suitable clothing, lodging, food

and medical attendance. What they are in kind and amount, is to be determined in each case by the means, ability, social position and circumstances both of the particular husband and of his wife. The obligation of the father to support his child is the same, although in some cases more stringent. Since the statute omits any provision relating to the wife or child becoming a public charge by reason of nonsupport, the information in this prosecution is as precise as the statute in this respect. The accused has failed to show, and we are not able to discover, either from any obvious intention of the legislature or by any principle of law, that an information under this statute presents an exception to the general rule that it is sufficient to describe the alleged offense in the language of the statute. *Whiting* v. *State*, 14 Conn. 487, 491. It is true that in the terms of this statute every person convicted of this offense is to be deemed guilty of a felony, and may be imprisoned not more than one year. But this provision defines the grade and prescribes the punishment of the crime; it does not affect the character nor restrict the commission of the crime by specifying the results which the unsupported wife or child shall suffer. Neither is the prescribed penalty necessarily that which usually follows a conviction for a felony. It may be imprisonment in a county jail and for any period less than a year. General Statutes, § 6661. And in lieu of any confinement, the court may accept a bond with sufficient surety, conditioned for the support of the wife or child or for the payment of such sum toward such support as the court may find the necessities of the case and the ability of such person may require. General Statutes, § 6416. Manifestly the primary purpose of this law was to provide for the support of the wife or child according to her or his necessities and the

ability of the husband or father. The offense created, whether it is to be deemed a felony or a misdemeanor, is clearly and sufficiently described. The general rules of criminal procedure regulating informations for misdemeanors under a statute apply as well, both in reason and principle, to an information or to an indictment for the crime which, by the terms of this statute, is to be deemed a felony. See *State* v. *Lockbaum*, 38 Conn. 400, 402, 403, and particularly the English statute therein referred to and approved. For these reasons, we deem the information in this prosecution for this offense to be sufficient, and that it was not essential to conviction that the jury should find that by reason of the unlawful neglect or refusal of the accused to support his wife or child, either of them was, or was in danger of becoming, a public charge.

Turning to the assignments of error which are based upon rulings of the court during the trial, the record reveals that while the accused was under cross-examination on the witness stand, an assistant of the prosecuting attorney declared in the presence of the jury: "He sits there as a perjurer upon that stand." Counsel for the accused thereupon asked the court to declare a mistrial and dismiss the jury. This the court did not do, merely saying to the jury that it was for them to decide, after the evidence was closed, whether a witness was telling the truth or not. The unfairness of this statement by an attorney acting for the State is too apparent to require any comment except such as this court has had occasion to make in *State* v. *Ferrone*, 96 Conn. 160, 166–169, 113 Atl. 452, and 97 Conn. 258, 269, 116 Atl. 336. Those comments are pertinent to the conduct of any lawyer who represents the State in any prosecution for a crime in any court. In this instance, the prejudicial influence of this inexcusable statement was not removed nor

corrected by the trial court. Not to do so at the moment as emphatically and effectively as possible, was to deny the accused an impartial trial. To make no effort to do so afterward in the charge, was to make it sure that the accused did not have such a trial as the laws of this State guarantee to every person accused of crime. This failure and neglect of the trial court makes its neglect to grant the motion to dismiss the jury reversible error. The accused is entitled to a new and impartial trial.

With this conclusion, there is no reason to consider the other assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.