STATE OF CONNECTICUT vs. ALBERT FALK.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY AND HALL, JS.

Under chapter 68 of the Public Acts of 1893, the defendant was charged, in the first count of the complaint, with keeping a place with apparatus, etc., for the purpose of making, recording and registering certain bets and wagers, and (for the purpose) of buying and selling pools upon the result of horse races. *Held* that inasmuch as the complaint charged the keeping of but one place, the specification of the two purposes for which the place was kept was not a charge of two offenses, as the illegal purposes might both exist at the same time with reference to the same place, and so each become a part of one continuous act.

The third count, closely following the language of the statute, charged that the defendant was concerned in the business of transmitting money out of this State, there to be bet and placed upon certain horse races. *Held* that this count was defective in that it failed to aver that the defendant had knowledge of, or participated in, the unlawful purpose for which the money was transmitted.

A ruling of the trial court excluding certain questions asked on cross-examination, on the ground that they were not germane to the examination in chief, cannot be reviewed by this court, in the absence of any finding as to the testimony given in chief.

Inquiries which seek to have a witness put a construction upon the facts he had testified to in chief, are not proper on cross-examination. It is for the jury, and not for a witness, to say whether subordinate facts prove the ultimate fact in issue.

The defendant claimed to be acting as the agent of a New Jersey corporation, whose charter he offered in evidence. *Held* that such charter could not affect the legality or illegality of the business actually carried on by the defendant in this State, and was therefore properly excluded as irrelevant; but if otherwise, that its exclusion could have done the defendant no harm, because all the material things which he claimed the charter would prove, had already been testified to, were practically admitted by the State, and assumed to be true by the court in its charge to the jury.

[Argued April 30th—decided May 28th, 1895.]

PROSECUTION for violation of the Act of 1893 to prevent pool selling, brought to the City Court of Bridgeport and thence by the defendant's appeal to the criminal term of the Court of Common Pleas for Fairfield County, where the accused was tried and convicted by the jury before *Walsh, J.*,

and appealed for alleged errors in the rulings and charge of the court.  *No error.*

The case is sufficiently stated in the opinion.

*J. C. Chamberlain* and *Stiles Judson, Jr.*, for the appellant (the accused).

I. The court erred in overruling the motion in arrest of judgment, as the first count clearly charged two offenses.

There is a manifest distinction between the crime of " buying and selling pools " and that of " making, recording and registering bets."    Anderson's Law Dictionary, p. 117 ; *Harris* v. *White*, 81 N. Y., 532 ; *People* v. *Writhoff*, 51 Mich., 205.

Two or more distinct offenses should in no instance be joined in one count of an indictment.    4 Amer. & Eng. Ency. of Law, 754, 755 ; *Rawson* v. *State*, 19 Conn., 297 ; *Barnes* v. *State*, 20 id., 233 ; 1 Bishop on Criminal Procedure, 271 ; *State* v. *Miller*, 24 Conn., 529 ; *State* v. *Gager*, 28 id., 235 ; *State* v. *Burns*, 44 id., 152 ; *Commonwealth* v. *Symmonds*, 2 Mass., 163 ; *State* v. *McPherson*, 9 Iowa, 56 ; *State* v. *Wail*, 89 Ind., 289 ; *State* v. *Knapp*, 84 id., 324 ; *Dawson* v. *The People*, 25 N. Y., 402 ; *State* v. *Burgess*, 40 Me., 594 ; *State* v. *Smith*, 61 id., 389 ; *Commonwealth* v. *Atwood*, 11 Mass., 94 ; *State* v. *Nelson*, 8 N. H., 164 ; *State* v. *Fowler*, 28 id., 190 ; *State* v. *Merrill*, id., 624 ; *Morse* v. *Eaton*, 23 id., 415.

II. The third count was insufficient, in that it failed to charge the defendant with knowledge of the unlawful design of the sender of the message.    It is true the language of the statute has been followed, but that does not necessarily protect the complaint from successful assault.    *State* v. *Bastee*, 90 Mo., 514 ; 1 Bishop's Criminal Proceedings, § 373 ; *Titus* v. *State*, 49 N. J. L., 36 ; *State* v. *Gardner*, 5 Nev., 377 ; *Com.* v. *Killian*, 109 Mass., 345 ; *Hoover* v. *State*, 59 Ala., 57 ; *Garnett* v. *State*, 1 Tex. App., 605 ; *People* v. *Chappell*, 27 Mich., 486 ; *Marsh* v. *Loeder*, 14 C. B. N. S., 535 ; *People* v. *Townsend*, 3 Hill, 479 ; *Com.* v. *Rogers*, 7 Mich., 500 ; *Thomas* v. *State*, 40 id., 60 ; *Myers* v. *State*, 1 Conn., 502 ; *State* v. *McDonald*, 7 Mo. App., 510 ; *Hampton* v. *State*, 40

Ala., 82; Endlich on Interpretation of Statutes, §§ 119, 129; *State* v. *King*, 86 N. Car., 603; *State* v. *Voight*, 90 id., 741.

III. The Act of 1893 is invalid, so far as it prohibits the transmission of money for certain purposes by a corporation engaged in a general telegraph business, from a point within this State to places in other States or countries. *Cruther* v. *Kentucky*, 141 U. S., 47; *Leisy* v. *Hardin*, 135 id., 100; *Walton* v. *Missouri*, 91 id., 275; *Robbins* v. *Shelby County*, 120 id., 489; *Western U. Tel. Co.* v. *Mass.*, 125 id., 530; *Phila. R. R. Co.* v. *Penn.*, 15 Wall., 232; *Hannibal* v. *Husen*, 95 U. S., 465; *Pensacola Tel. Co.* v. *Western U. Tel. Co.*, 96 id., 1; *Western U. Tel. Co.* v. *Texas*, 105 id., 460; *Western U. Tel. Co.* v. *Pendleton*, 122 id., 347; *In re Pa. Tel. Co.*, 20 Atl. Rep., 847; *Gibbon* v. *Ogden*, 9 Wheat., 1; *Brown* v. *Maryland*, 12 id., 419; *State* v. *Geer*, 61 Conn., 153; *Almy* v. *Cal.*, 24 How., 169.

IV. The questions put to Cronin on his cross-examination were germane to the direct examination and should have been allowed. If a witness who professed to have been present, during the transaction in this office of the usual business of the accused, and familiar with the procedure there employed, was required to admit to the jury that he had never heard any one offer to make any wager in that office, or ever heard the accused offer to accept any wager, such admissions would have doubtless had material effect upon the minds of the jury. These questions did not invade the domain of legal conclusions, and their exclusion was error.

V. The charter of the New Jersey corporation was admissible to prove that it was engaged in an interstate business; that the *objects of its organization as expressed in said charter* were to engage in a general telegraph business of a *bona fide* nature, and to receive and furnish to customers news of the description contained upon the blackboards in said office, and to show that the accused was an incorporator in said company. If the objects of this organization, as disclosed by its charter, were lawful in their character, a decided significance would attach to the acts of the defendant where the real issue

before the jury was that of good faith on his part in conducting such business.

*William B. Glover*, for the appellee (the State).

I. The questions asked on cross-examination, by the defendant, were properly excluded. They were clearly irrelevant and called for the opinion of the witness as to the guilt of the accused. It was usurping the province of the jury, who could determine the issue from what the witness had testified to. 1 Greenl. on Ev. (Redfield's Ed.), § 50–52, 440, 449 ; 2 Taylor on Ev., § 1273, 1274–1276 ; note to *Carter* v. *Bochum*, 1 Smith Leading Cases (9th Am. Ed.) p. 804 ; *Clark* v. *Fisher*, 1 Paige (N. Y.), 171 ; *Pindar* v. *Kings Fire Ins. Co.*, 36 N. Y., 648 ; *Abbott* v. *People*, 86 id., 460 ; *People* v. *Murphy*, 101 id., 126 ; *Campbell* v. *State*, 10 Tex. App., 560 ; *Taylor* v. *Town of Monroe*, 43 Conn., 44 ; Best's Principles of Ev. p., 229–246 ; 1 Taylor Ev., § 298 ; Reynolds' Theory of Law of Evidence, § 12 ; 3 Rice on Evidence, §§ 39, 40 ; *State* v. *Beaudet*, 53 Conn., 541 ; *Combs* v. *Winchester*, 39 N. H., 1.

The exclusion of the purported copy of the charter of the Electric News and Money Transfer Company, was also proper. At the most, it was merely corroborative testimony. The defendant had testified that he was acting in behalf of said company, and described its general business. The State did not offer to contradict the same, nor offer any evidence tending to that end. And furthermore, the court gave the accused the benefit of all he claimed from said charter in the charge to the jury.

The third reason of appeal has for its basis the exclusion by the court from the jury of certain telegraph blanks *in use* by *other telegraph companies*, to show the general conduct of the business of such companies, and their similarity to the blanks used by the accused. This evidence was decidedly irrelevant and immaterial. The evidence would tend to draw away from the minds of the jurors the points in issue, and to mislead them, and was, therefore, properly excluded. 1 Greenleaf on Evidence (Redf. Ed.), § 55.

II. The complaint is sufficient. The offense alleged in the first count consists in the *keeping* of the place. Keeping it for either or both of the purposes mentioned in the count referred to, constitutes but one offense. The keeping of the place for the purpose of making, registering and recording bets, and the keeping of it for the purpose of buying and selling pools, are but elements of one and the same offense, viz: the keeping of the place for a purpose prohibited by law. They are not different offenses. But one conviction could be predicated upon such keeping. *State* v. *Burns*, 44 Conn., 149; *State* v. *Teahan*, 50 id., 99; *State* v. *Hartwick*, 49 id., 103; *Barnes* v. *State*, 20 id., 232; *Bartle* v. *State*, 18 id., 432, 441; *Smith* v. *State*, 19 id., 493, 500. Even if the count were bad for duplicity, the objection, being made after verdict, came too late. *State* v. *Miller*, 24 Conn., 522, 530; *State* v. *Holmes*, 28 id., 230, 231; *State* v. *Kilburn*, 9 id., 560; Arch. Crim. L., 53; 1 Bishop on Crim. Proc., § 443; *State* v. *Barnes*, *supra*. As to the claim that the offense is not sufficiently described, see *State* v. *Carpenter*, 60 Conn., 97, 102, 105; *Whiting* v. *State*, 14 id., 487; *State* v. *Bierce*, 27 id., 319; *State* v. *Lockbaum*, 38 id., 400; *State* v. *Cady*, 47 id., 44; *State* v. *Schweitzer*, 57 id., 537.

III. The defendant claims that the statute in question is repugnant to the Constitution of the United States, by reason of its being in restraint of commerce between the States.

There is, of course, no question but that telegraph companies between States are, under the decisions as they now stand, engaged in a form of interstate commerce. There is also no question made on the part of the State but that the statute in question, chapter 68 of the Public Acts of 1893, is, in a measure, indirectly a restriction upon commerce of the sort referred to. But the mere fact that a State statute may, more or less indirectly, affect interstate commerce, or persons engaged therein, is by no means conclusive proof that such a statute is beyond the power of the State to enact, or that it thereby violates any of the provisions of the Federal Constitution. There is reserved to the several States the power of police regulation, known as the police power;

that is to say, the power to enact laws promotive of domestic order, morals, health and safety. State statutes, in good faith intended for the promotion of these objects, directed against a danger within the State, for local·protection, and not discriminating against foreign or interstate commerce in favor of that within the State, are not rendered invalid by the fact that thereby commerce might be somewhat restricted. *Sherlock* v. *Alling,* 93 U. S., 99, 103, 104; *Kohn* v. *Melcher,* 29 Fed. Rep., 433, 435; *Walling* v. *Michigan,* 116 U. S., 446, 460; *W. U. Tel. Co.* v. *Pendleton,* 122 id., 347, 359; *Smith* v. *Alabama,* 124 id., 465, 473; *U. S.* v. *DeWitt,* 9 Wall., 41, 43; *R. R. Co.* v. *Alabama,* 128 U. S., 96, 101; *Kidd* v. *Pearson,* 128 id., 1; *Slaughter House Cases,* 16 Wall., 36, 62; *R. R. Co.* v. *Husen,* 95 U. S, 465, 470; *Gibbons* v. *Ogden,* 9 Wheat., 203; *New York* v. *Miller,* 11 Peters, 102; *The License Tax Cases,* 5 Wall., 471; *Jamieson* v. *Gas Co.,* 128 Ind., 555, 570; Cooley's Const. Lim. (4th ed.), 732; *Beer Co.* v. *Massachusetts,* 97 U. S., 25, 33. It is unnecessary to claim that betting, pool-selling and the offering of facilities for the same by the keeping a place for the transmission of money for that purpose, is against good morals. The purpose of the Act must of itself commend it to any tribunal as entirely within the police power of the State. And as the power has been exercised in good faith, in a proper manner, without discrimination or attempt at discrimination, it seems as if there could be no doubt that the statute is constitutional. If there is any doubt about the constitutionality of the statute the presumption is in its favor. *Munn* v. *Illinois,* 94 U. S., 113, 123.

ANDREWS, C. J. The defendant was prosecuted for violating the provisions of chapter LXVIII. of the Public Acts of 1893. The information contained three counts. He was found guilty on the first and third, and not guilty on the second. There was a motion in arrest of judgment which was overruled. One fine only was imposed.

The defendant appealed to this court and has assigned numerous reasons for his appeal. If either the first or third

count is a good one, then the complaint is sufficient to sustain the verdict and the judgment. We think the first count is good. It does not charge two offenses. It charges the keeping of only one place. True, it charges that the place was kept with apparatus, etc., for the purpose of recording and registering bets and wagers, and (for the purpose) of buying and selling pools. But as the keeping of a place for either of these purposes is forbidden by the statute, and as these purposes may both exist at the same time, with reference to the same room or place, and so become each a part in one continuous act, charging them both in connection with the keeping of the place, is not duplicity. It does not charge two offenses. It points out two purposes of the keeping of one place; and proof of either purpose, or of both of them, shows that one crime has been committed. *State* v. *Bosworth*, 54 Conn., 1; *State* v. *Burns*, 44 id., 149; *Barnes* v. *The State*, 20 id., 232; *Francisco* v. *The State*, 4 Zab. (N. J.), 30; 1 Bishop's Criminal Procedure, § 348.

The third count charges that the defendant "was concerned in the business of transmitting money out of this State, by telegraph or other means * * * there to be bet and placed on certain horses and horse races * * * against the peace and contrary to the form of the statute in such case provided." This language follows quite closely the words of the part of the statute on which the prosecution is based. This part of the statute seems to contemplate a person who is concerned in the business of transmitting the money of other persons than himself, out of this State, there to be bet. And the element in the business which makes it criminal by the statute is, that the money transmitted out of the State " is there to be bet or placed on a horse race or other game." The business of transmitting money out of this State is not itself unlawful, and that is not forbidden except when the transmitting is attended with the specified purpose. The third count undertakes to charge the defendant with being concerned with this business, and it is obviously defective unless it charges him with that ingredient of the business which alone makes it unlawful. In other words, the count

is defective unless it charges that the defendant had knowl-
edge of, or participated in, the unlawful purpose for which
the money was transmitted out of the State. It seems to us
that this count does not contain any such charge, and is
therefore not a good count. Bearing in mind that it is the
money of some other persons which the defendant is in the
business of transmitting out of the State, there is nothing in
the count to show that he had any knowledge of, or that he
took any part in, the unlawful purpose for which the money
was so transmitted. In ordinary cases it is sufficient to use
the words of the statute in informations charging a statutory
offense. But there are instances to the contrary. The lan-
guage of a statute creating an offense may be so general,
that an information upon it which used no greater particu-
larity than the words in the statute, would not charge any
offense at all, or would not charge one with such sufficient
certainty as the law requires. *State* v. *Costello*, 62 Conn.,
128; 1 Bishop's Criminal Procedure, § 612.

During the trial of the cause, upon the cross-examination
of a witness called by the State, certain questions were asked
which, on objection by the State, were excluded by the court.
As to some of these questions the court finds distinctly that
the witness had not in chief testified to anything which made
them proper cross-examining questions. As there is no find-
ing of the testimony given in chief by the witness, we cannot
say that the ruling as to any of these questions was not cor-
rect. If we were at liberty to assume that the witness of
whom these questions were asked, was the witness who tes-
tified to the arrangement of the room or office kept by the
defendant, the furniture and the apparatus there, and to the
method in which the business there was carried on, we should
be of the opinion that the questions were properly excluded.
They were not properly cross-examining questions, but an
attempt to have the witness put a construction upon the facts
to which he had testified. It seems to have been conceded
that the defendant kept the room. The State claimed that
from the arrangement of the room, the partitions partly of
wood and partly of glass, with apertures having designations

over them, the furniture, the apparatus and the method in which the business was there carried on, all of which had been fully detailed to the jury, it was kept for the purpose named in the first count of the information, and asked the jury so to decide. Whether or not these facts in evidence proved the ultimate fact which the State claimed, was for the jury to say. The objection to these questions was that they asked the witness to do what it was for the jury to do.

The defendant offered in evidence the charter of the Electric News and Money Transfer Company, a corporation organized under the laws of New Jersey, and made several claims therefrom. On objection this was ruled out. We are unable to see how the defendant was prejudiced by this ruling. The purpose for which the admission was claimed was irrelevant. If the business in which the defendant was concerned at the room kept by him at Bridgeport, was in fact a business which is forbidden by the statute of this State, it would not be made lawful because it was a business authorized to be done in New Jersey by a charter of that State. And if the business was unlawful, it would not benefit the defendant to show that he was concerned in it as a corporator, or an agent, of a foreign corporation. The jury was to determine, on the business in which the defendant was concerned at the office kept by him in Bridgeport, whether it was lawful or not by the statute of this State, and to determine that question upon the evidence of what was actually done there, and not on the provision of any charter. Even if this were otherwise the defendant has suffered nothing. Before the charter was offered in evidence, he had testified to all the material things which he claimed would be proved by the charter, and the State offered no witnesses to contradict him. Indeed counsel in their requests, and the court in its instruction to the jury, assume the facts in this behalf to be as claimed by the defendant.

As to several of the assignments of error, there is nothing in the finding to show that the questions were made on the trial. Most of the others have become immaterial by reason

of the conclusion reached upon the third count of the complaint. Those remaining we have considered and we find no error.

In this opinion the other judges concurred.