JOHN M. ARBUCKLE, RELATOR, v. JAMES J. KELLY, SHERIFF, AND THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

Submitted March 19, 1909—Decided July 6, 1909.

The head keeper of the common jail of Hudson county holds his position under the sheriff, and not under the government of the county, and his position is not protected by the act of 1907 (*Pamph. L., p.* 37).

This is a rule to show cause why a writ of *mandamus* should not be allowed commanding the sheriff of Hudson county and the board of chosen freeholders of that county to restore John M. Arbuckle to his position of head keeper of the Hudson county common jail.

Before Justices REED, TRENCHARD and MINTURN.

For the relator, *Melosh & Morten.*

For the defendants, *John Griffin.*

The opinion of the court was delivered by

REED, J. The relator, John M. Arbuckle, on August 15th, 1908, was appointed head keeper of the county jail of Hudson county by former Sheriff John C. Kaiser, and his salary was approved by the board of chosen freeholders of Hudson county under section 4 of the act placing sheriffs on a salary. *Pamph. L.* 1905, *p.* 18.

Upon the expiration of Sheriff Kaiser's term he was succeeded by James B. Kelly. Sheriff Kelly failed to reappoint Arbuckle to his position of head keeper, and has entirely ignored him in connection with that position.

Mr. Arbuckle claims that he is protected in the position to which he was appointed by Sheriff Kaiser by the act of 1907 (*Pamph. L., p.* 37), and seeks in this proceeding to compel a restoration or recognition by the sheriff and board of chosen freeholders as still the head keeper of the common jail.

The act of 1907 enacts that "No person now holding a position or office under the government * * * of any county, city, town, township or other municipality of this state, or who may be appointed to any such position, whose term of office is not now fixed by law, and receiving a salary from such state, county, city, town, township or other municipality, who is a soldier, sailor or marine, who has served in any war of the United States and has been honorably discharged from the United States service, shall be removed from such posi-

tion or office except for good cause shown after a fair and impartial hearing."

It is admitted that Mr. Arbuckle served as a soldier in the Spanish-American war, and was honorably discharged from the federal service, and so far is entitled to the benefits of the act of 1907. The question is whether he held a position or office under the government of the county of Hudson in the State of New Jersey, the term of which was not fixed by law.

I think it cannot be doubted that under the fee system which prevailed before sheriffs were put upon a salary, the keepers of the common jails appointed by the sheriffs were not persons holding positions under the board of chosen freeholders or under the government of any municipality.

The sheriff is a constitutional officer, and to his office is attached all the substantial powers, duties and functions which appertained to that office before the adoption of our constitution. *Virtue* v. *Freeholders of Essex,* 38 *Vroom* 139, 144.

Not only was the sheriff at common law the custodian of the common jail, but upon him rested the duty and the power of employing the keeper or keepers of such jail. He must appoint an under keeper, who is called a gaoler, for whose conduct in office the sheriff must answer. 2 *Burn Just.* 429. This gaoler he may discharge at his pleasure, and if the gaoler refuse to surrender up or quit possession, the sheriff may take him out by force, as he may a private person. 4 *Bac. Abr.* 464. Because the sheriff was to put in such keeper, for whose acts he should answer, and the jail being put in his custody, the sheriff was answerable for the escapes, where the jail belonged to him. *Rex* v. *Fell,* 12 *Mod.* 226.

So it seems clear that the head keeper of a common jail appointed by the sheriff, held his position under the sheriff and not under the government of the county.

Nor was this relation between the sheriff and such appointee changed by the Salary act of 1905. *Pamph. L., p.* 18. The only change made by that act was that, instead of the sheriff being paid for his services by statutory fees paid to him for each service, these fees were turned over by him to the county, and the county became his paymaster. The sheriff was still,

in the language of section 4 of the act of 1905, to select and employ the necessary deputies and assistants for his office, and the county was to pay them such compensation as it approved.

The appointment of head keeper still rested with the sheriff. The legislature never intended by the act of 1905 that the sheriff should be responsible for the conduct of any servant not of his own selection. After, as before the passage of the act of 1905, the keeper of the common jail was the appointee of the sheriff, and did not hold his position under the board of chosen freeholders.

The case of *Cavenaugh* v. *Freeholders of Essex,* 29 *Vroom* 531, is not controlling. That case was decided upon the assumption that the board of chosen freeholders of Essex was the custodian of the jail, and that Cavanaugh was its appointee. The decision of *Virtue* v. *Freeholders of Essex, supra,* destroyed the foundation upon which the result in the Cavanaugh case was reached, and the latter case is not applicable.

I am therefore of the opinion that the act of 1907 is not applicable to the situation presented by the testimony taken upon the rule to show cause.

The allowance of the writ prayed for should be refused.