EDMUND WILSON, ATTORNEY-GENERAL, EX REL. PATRICK J. SULLIVAN, v. JOHN J. McOSKER.

Argued February 20, 1912—Decided June 28, 1912.

The warden of a county jail who is appointed to that position by the sheriff of the county, is not protected by the Civil Service law from removal at the pleasure of the sheriff.

On *quo warranto.* Demurrer to information.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the relator, *Collins & Corbin.*

For the demurrant, *Joseph M. Noonan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Nicholas P. Wedin was elected sheriff of the county of Hudson on the 7th of November, 1911, and entered upon the performance of the duties of his office about a week later. His predecessor in office, James J. Kelly, had, during his term, appointed the relator, Patrick J. Sulli-

van, warden of the county jail. Sheriff Wedin, shortly after assuming office, removed and dismissed Sullivan from his position as warden of the county jail, without stating any reasons for such action, and without a hearing afforded to Sullivan, and appointed the defendant, McOsker, as warden. It is contended on behalf of the relator that his removal and dismissal from his position as warden, and the appointment of his successor, were in violation of section 2 of an act of the legislature entitled "An act regulating the employment, tenure and discharge of certain officers and employes of this state, and of the various counties and municipalities thereof, and providing for a civil service commission, and defining its powers and duties," approved April 10th, 1908. *Pamph. L., p.* 235. The section referred to provides that all officers, clerks and employes in the employ of the state, or any municipality (including counties) adopting the act, shall continue to hold their offices or employments, and shall not be removed therefrom until they have been furnished with a written statement of the reasons for such action, and have been allowed a reasonable time in which to make written answer thereto.

The Civil Service act was adopted by the county of Hudson at the general election held in November, 1911.

The question presented for decision is whether the warden of a county jail is an officer or employe in the employ of the county, and so protected by the statute from removal except upon reasons stated, and after hearing afforded, in those counties which have adopted the Civil Service law.

In the case of *Arbuckle* v. *Kelly,* 49 *Vroom* 94, the following situation was disclosed. On the 15th of August, 1908, Arbuckle was appointed by the then sheriff, John C. Kaiser, warden of the county jail of Hudson county. Upon the expiration of Kaiser's term he was succeeded by Sheriff Kelly. Kelly failed to reappoint Arbuckle to his position as warden, and, as appears from the recital of facts hereinbefore set forth, appointed the relator, Sullivan, in his place. Arbuckle contended that this action upon the part of Sheriff Kelly was in violation of the provision of an act entitled "An act re-

garding soldiers, sailors and marines honorably discharged from the United States service," approved March 27th, 1907. *Pamph. L., p. 37.* That act provides that "no person now holding a position or office under the government of any county, city, town, township or other municipality of this state, or who may be appointed to any such position, whose term of office is not now fixed by law, * * * who is a soldier, sailor or marine who has served in any war of the United States, and has been honorably discharged from the United States service, shall be removed from such position or office except for good cause shown after a fair and impartial hearing." Arbuckle had served as a soldier in the Spanish-American war, and was honorably discharged from the federal service. The decision of the case turned upon the question whether he held a position or office under the government of the county of Hudson, the term of which was not fixed by law. This court, after pointing out that the sheriff at common law was the custodian of the common jail; that upon him rested the duty and the power of employing the keeper or keepers of such jail; that he was entitled to discharge such keepers, or any of them, at his pleasure; and that he was answerable for escapes which might occur while the jail was in the charge of such keepers, concluded that the warden of the common jail of Hudson county, being appointed by the sheriff, held his position under the sheriff and not under the government of the county. We further held that this relation between the sheriff and his appointee was not changed or affected by the Salary act of 1905, which provided that the compensation of the warden of the county jail should thereafter be paid, not by the sheriff out of fees received by him, but out of the county treasury. The relation between the sheriff and the warden of the county jail as it existed at the time of the decision of the Arbuckle case has not since been changed by any legislative enactment. This being so, the principle underlying the decision of the cited case controls that now under consideration; that is to say, the warden of the common jail of Hudson county, holding his position by the appointment of the sheriff, and not under the government

of the county, is not protected by the Civil Service law from removal at the pleasure of the sheriff.

The demurrant is entitled to judgment.